**United States District Court**
**Eastern District of Michigan**

United States of America,　　　)
　　　　Plaintiff　　　　　　　)
　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　)　　　**Criminal Case No.**
　　　　　　　　　　　　　　　)　　　**0645 2:18-CR-20423(2)**
William Owdish,　　　　　　　　)
　　　　Defendant　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　　**Pro-Se**
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)

---

**Emergency Motion For Compassionate Release/**
**Reduction In Sentence Pursuant To 18 U.S.C. §3582(c)(1)(A)**
**And §3224(c) Cares Act**

---

Please take notice that Defendant William Owdish ("Owdish") hereby makes this motion pursuant to 18 U.S.C. §3582(c)(1)(A) for a judicial order to release him in the interest of justice.

### Procedural Background

1.　On January 8, 2020, Owdish was sentenced for Conspiracy To Commit Health Care And Wire Fraud in violation of 18 U.S.C. §1349, §1343, and §1347, pursuant to a plea agreement.

2.　Owdish was sentenced to twelve (12) months and one (1) day of incarceration in federal prison.　Owdish is currently serving his sentence at the Federal Correctional Institution in Morgantown, West Virginia, a federal prison camp.

3.　Owdish has received no incident reports or disciplinary actions since he has been incarcerated at Morgantown, West Virginia, which is the entire length of his sentence.

4.　Owdish has been a model inmate and he has a current custody status of out custody.

5.　Owdish has multiple medical issues that put him in chronic care while he is incarcerated, and which require medical attention for the rest of his life.

### Discussion and Background

The Federal Bureau of Prisons ("FBOP") implemented and introduced P5050.50 on January 18, 2019 for inmates to proceed for their request from Compassionate Release/Reduction In Sentence Under 18 U.S.C. §3582(c)(1)(A) because "extraordinary and compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing" exist today and warrant consideration so that the FBOP will reduce, modify and release the inmate as to time served.  (See Program Statement §571.60 Purpose and Scope).

Owdish is seeking Compassionate Release by asking the court to extend relief to him and his family in the wake of the Pandemic that is affecting the world and everyone today, the deadly COVID-19, Coronavirus.

This Pandemic has brought the entire world to a standstill and has and will continue to cause unprecedented pain, suffering and death in every way that could be thought of and even worse, not thought of, as the COVID-19 Pandemic is causing.  While people are contracting the virus each and every minute of everyday, others are dying at an unimaginable and unprecedented rate throughout the world.

Recently, Attorney General Barr sent a memorandum to the FBOP on April 3, 2020 regarding the implementation of the Cares Act §3224(c) that was recently passed and that was to be put into immediate effect.  The Cares Act authorizes Barr to expand the cohort of inmates who can be considered for home confinement upon Barr's finding that emergency conditions are materially affecting the functioning of the FBOP.  This has now been determined by Barr to be the case due to the COVID-19 virus.  Barr states that the FBOP immediately maximize the transfer to home confinement of all appropriate inmates situated at FBOP facilities.  These appropriate inmates should start with at risk inmates to the COVID-19 Pandemic, the factors for at risk inmates were described in Barr's April 22, 2020 memorandum.  In addition to Barr's memorandum as to the factors for at risk inmates, the Center for Disease Control ("CDC") has lsited factors

for at risk individuals. In both, Barr's and the CDC's, the factors included the age of the individual, the practice of social distancing, with individuals not practicing social distancing being at a higher risk, and individuals who have underlying medical conditions being at a higher risk. Barr's memorandum also included additional factors for the FBOP to consider. These factors included; the current custody level of incarceration of the inmate, meaning inmates at low or minimum security facilities should be given first consideration. Another factor was, inmates that have been incident report free should be looked at favorably for priority transfer to home confinement. Other factor's being the nature of the inmates offense, with non-violent offenders receiving priority consideration.

Also inmates that have swerved 50% or more of their sentence or inmates that have served 25% or more of their sentence and have 18 months or less remaining on their sentence should receive priority consideration. Barr's memorandum directed the FBOP to immediately begin transferring any and all inmates to home confinement that meet the factors stated in the directive to the FBOP. Inmates do not need to meet all of the above listed factors to be considered, only to have met some of the criteria to be recommended for home confinement placement.

### Defendant Owdish's Qualifications For Release/Reduction

With the aforementioned guidelines being determined, implemented and ongoing for at risk individuals and the precedences being set for inmates being released to home confinement; I respectfully present to the Honorable Court the following information regarding Owdish's request:

1. Owdish suffers from numerous medical conditions that put him in the highest category for at risk individuals to the COVID-19 virus.

2. Owdish's pre-sentence report says that he suffers from traumatic rhadomyolysis, acute renal failure, elevated troponin (which means that he is at risk for possible heart attack or heart damage), high blood pressure/hypertension, trauma, and obesity. It also states that he has compartment syndrome with four (4) fascotomies.

3. Owdish also has developed a mass on his chest that is growing in size on a daily basis. He is in need of medical care for this as to prevent a tragedy from occurring.

4. Owdish suffers from high cholesterol and takes medication for this on a daily basis.

5. Owdish suffers from a auto immune disorder in his left hand that requires further testing and treatment that he was unable to complete prior to his incarceration.

6. Owdish also was undergoing testing when he was sentenced to incarceration. This testing was not completed and included tests for multiple sclerosis, cushing syndrome, thoracic myelitis and a GI disorder.

7. Owdish takes multiple medications for his underlying medical conditions. These medications include; linsinipril (10mg), metoprolol (100mg) twice a day, omerprazole and crestor.

8. Owdish's medication was even more extensive when he was in society as to treat his conditions. The need for such treatment is a must and he would be able to get the care that he desperately needs if the Honorable Court were to grant his request.

9. Proper social distancing can not be practiced in the housing environment where Owdish is living, again putting him at a greater risk.

10. Owdish is incarcerated at Morgantown, West Virginia, a FCI minimum security facility, also known as a FBOP camp. He has served over 3 months of his 12 month sentence, serving over 25% of his sentence.

11. Owdish has received no incident reports or disciplinary actions while incarcerated and his PATTERN score is a low. (See exhibit #1). He is considered to be a "lower risk inamte", as displayed by his good behavior in federal prison.

12. Owdish has a verified home plan, his offense is a non-violent white collar crime. He will reside with his wife of over fifteen (15) years, Nicole Pekala and their three (3) children.

13. Owdish's high cholesterol put him at risk for embolism and cardiovascular disease.

14. Owdish has a need for chronic care as is referenced on his progress report. (See exhibit #2).

15. Owdish is eligible for home confinement on November 30, 2020 under his normal terms of release. A date that leaves him with a relative short amount of time which under Barr's memorandum should also make him eligible for early home confinement placement. The memorandum says that inmates that have a short amount of time remaining on their sentence

should be given priority consideration.

All of these are within the criteria issued under Barr's memorandum for inmates to be considered for placement in home confinement, as well as the criteria agreed upon by the CDC for at risk individuals to the deadly Coronavirus. Owdish's numerous medical conditions make him highly succeptible to contracting the COVID-19 virus once it is introduced into his institution. This virus has no boundaries and as we are aware, the virus attacks the most vulnerable at a much higher rate of infection. These most vulnerable individuals are the ones with underlying medical conditions. Owdish received a twelve (12) month and one (1) day sentence, a sentence that was placed upon him before the Pandemic, the COVID-19 virus was known to be the novel virus that we now know today. Owdish now is living in fear and anxiety today knowing that if he contracts the virus while incarcerated he will undoubtedly become ill and with his underlying medical conditions he may pay the ultimate sacrifice, his death. He did not receive a death sentence at the hands of the Honorable Court, he received a sentence that had an end after one (1) year and one (1) day. Now Owdish comes to this Honorable Court requesting the court to consider and grant his motion and request for Compassionate Release/Reduction In Sentence.

### Filing With The FBOP (See Exhibit #3)

The FBOP has released inmates to home confinement who have met certain criteria due to the Coronavirus Pandemic without those inmates filing for Compassionate Release/Reduction In Sentence. Owdish filed for Compassionate Release/Reduction In Sentence on May 18, 2020 with the Warden at Morgantown, West Virginia, Federal Correctional Institutional camp. The filing was given to Unit Manager Jones and was addressed to Warden Bowers and filed under P5050.50 and pursuant to 18 U.S.C. §3582(c)(1)(A), giving the Warden the time frame permitted to respond to this filing. Pursuant to the Compassionate Release/Reduction In Sentence guidelines, the person seeking relief is to exhaust the administrative remedies only if the Warden denies the filing. If the Warden does not respond in the thirty (30) day time frame permitted, then the filing party may go directly to the court for

relief.  Now, with precedents being set, even if the Warden denies the
filing, the person seeking relief may file directly with the court without
exhausting the administrative remedies as previously stated.  (See United
States v. Sawicz, 08-cr-287), (E.D.N.Y., April 10, 2020).  The court's have
found and ruled that "Even where (administrative) exhaustion is seemingly
mandated by statue or decisional law, the requirement is not absolute".
(Washington v. Barr, 925 F.3d 109, 118) (2d Cir. 2019).  The court went
on to say that "A court may waive an administrative remedy requirement
where (exhaustion) would be futile, ....Where the administrative process
would be incapable of granting relief ....(or) where persuing agency
review would subject (the person seeking relief) to undue prejudice".
Further, "undue delay, if it in fact results in catastrophic health
consequences, can justify waiving an administrative exhaustion requirement
for any of those three reasons".  ID at 120-21.  The court's have also
noted that "prison populations are subject to heightened vulnerability"
to the COVID-19 Pandemic.  The court went on to note that "the persuasive
precedent for granting Compassionate Release under the current circumstances
is overwhelming".  Citing other cases where court's granted relief to
similarly situated inmates.  (See Miller v. United States; 16-20222-1),
(E.D. Mich., April 9, 2020).  Furthermore, the court's have recently
granted Compassionate Release/Reduction In Sentence requests based on
inmates impeccable conduct in prison.  As inmate Owdish has established
that his conduct is and has been for his entire length of incarceration.
(See United States v. Brannan, Case 4:15-cr-00080, S.D. of Texas 4/3/2020).
Brannan was granted Compassionate Release/Reduction In Sentence on 4/2/2020
in which case he had served only 9 months of a 36 month sentence and filed
an emergency motion stating "impeccable conduct in prison" and a re-entry
plan.

Owdish's motion for Compassionate Release/Reduction In Sentence to
Warden Bowers was denied by him on May 26, 2020.  The reasons for denial
were stated to be that while the BOP is taking extraordinary measures to

contain the spread of COVID-19 and treat any infected inmates, the BOP
recognizes that Owdish, like all of us, have legitimate concerns and
fears about the spread and effects of the virus.  However, Owdish's
concerns about being potentially exposed to, or possibly contracting,
COVID-19 does not currently warrant an early release from his sentence.
After reviewing the filing with the Warden, Owdish strongly disagrees
with their findings as extraordinary and/or compelling circumstances
were outlined and explained in depth in the request to Warden Bowers.
These circumstances regarding COVID-19, do warrant an early release
from his sentence as his concerns are warranted.  In addition, Owdish's
home plan for when he would be released was outlined as well in the
filing.

### Coronavirus In Prison

Presently, prisons have the highest rate of infection, surpassing
both nursing homes and meat processing plants.  This was most recently
reported on CNN news on Monday, May 11, 2020.  This high rate of infection
to the prison population puts all inmates at risk and while measures are
taken to try and prevent the deadly Coronavirus from spreading throughout
institutions, the end result is that the virus can not be contained.
Thus, causing this highest rate of infection and ultimately death to some
that contract the deadly COVID-19 Pandemic.  An example of how this virus
can not be contained is shown with the recent cases of contraction at the
White House, a place that has all of the most highly educated people, ones
that tell the public how to proceed daily in regards to protecting public
health and safety.  If the White House, with all of their doctors and
staff, can not keep the virus from infecting their staff, how can prisons
contain and keep the virus from infecting and spreading throughout the
institutions.  As we know, many cases are spread through asymptomatic
persons who show no signs or have only limited symptoms.  Due to this
threat from asymptomatic persons, inmates are vulnerable on a daily basis
for contraction.  Prison employees, correctional officers and doctors
work daily and interact with inmates regularly each day.  These individuals

then return to work at the institutions, having their temperature taken
before their shifts, and then being cleared if they have no temperature.
This temperature check does not prove if these individuals are free from
having the Coronavirus, as stated many infected persons are asymptomatic.
Without the proper testing there is no way to know how many prison employees,
staff and inmates actually have the deadly Coronavirus. These issues were
recently raised in the UNited States District Court, Northern District of
Ohio. (See Wilson, et al v. WIlliams, et al , Case #4:20-cr-00794), decided
on April 22, 2020. The petitioners in this case, sought remedies regarding
Compassionate Release/Reduction In Sentence, one of which was that of them
looking to "...seek an "enlargement". Enlargement is not a release, ....
when a court exercises its power to "enlarge" the custody of a defendant
...., the BOP maintains custody over the defendant, but the place of custody
is altered by the court". This "enlargement" is exactly what Attorney
General Barr instituted under the Cares Act, with inmates being transferred
to home confinement, still under the custody of the BOP, to serve their
remaining sentence. (See Wilson, et al v. Williams, et al, Case #4:20-cr-00794),
(N.D. of Ohio 4/22/20).

The latest data available at this time from the FBOP substantiates
these claims and is as folows. As of 5/5/2020, there are 2,066 Federal
inmates and 359 FBOP staff who have confirmed positive test results for
COVID-19 nationwide. Currently, 561 inmates and 149 staff have recovered.
There have been 41 Federal inmate deaths attributed to COVID-19, as of
5/5/2020 as well. These figures have only increased over the past four
weeks and as of today, June 3, 2020 the numbers are much higher than they
were at the time the data was provided, 5/5/2020. For the current information
regarding the number of inmates infected, the number of staff infected and
the number of deaths attributed to the COVID-19 virus within the Federal
institutions, refer to the following. (See United States Bureau of Prisons,
Coronavirus Resource Page, https://www.bop.gov/coronavirus/). However,
because of the lack of widespread testing, these figures definitely understate
the prevalence of the disease. According to a Times article dated, April
30, 2020, "new figures provided by the Bureau of Prisons show that out of

2,700 tests systemwide, nearly 2,000 have come back positive, strongly suggesting there are far more COVID-19 cases left uncovered". Although it appears that the number of cases is vastly undercounted in the FBOP statistics. Even under the FBOP statistics, however, the number of COVID-19 cases is still increasing significantly. Between April 29, 2020 and May 5, 2020 the number of inmates that tested positive for COVID-19 increased from 1,534 to 2,066, an increase of almost 35% in less than a week. With this increasing number of infections, not only in the FBOP system, but in the world, the likelihood that many more inmates will not only become infected, some will perish from this virus. This is especially concerning now that the infection rate is increasing today in the state of West Virginia and in the city of Morgantown, where inmate Owdish is serving his sentence.

Conclusion

As of today, May 30, 2020, inmates have been released under both the Cares Act and as a result of Compassionate Release/Reduction In Sentence filings under 18 U.S.C. §3582(c)(1)(A) based on the current COVID-19 Pandemic that is affecting everyone in the world today. Releases have been granted in many FBOP institutions as well as here at Morgantown, West Virginia. There have been inmates that have been released to home confinement that still have anywhere from nine (9) months remaining on their sentence to inmates having as much as eight (8) years left to serve. Inmates have been released after serving only four (4) months of their sentences, a percentage of only 25% of their total time of incarceration placed upon them by the court. With this being stated, inmate Owdish has served over 25% of his sentence and has impeccable conduct. Inmate Owdish has only six (6) months remaining on his sentence and is need of medical attention for his underlying conditions. This medical attention is one that can not be properly administered in the prison institutions in the best of times, and certainly not in the unprecedented times that we are facing today due to the COVID-19 virus. Owdish's underlying conditions put him in the highest category for infection from the COVID-19 virus and with the impossible social distancing in the

prison facilities he is ultimately going to become infected if he remains in this setting.  Many cases have been granted for Compassionate Release/ Reduction In Sentence for the medical conditions that Owdish suffers from. In addition, these Compassionate Release/Reduction In Sentence that were granted, some of them were in the state of Michigan, where inmate Owdish is asking for relief.  These cases are included in this filing on the attached pages.  (See exhibit #4).  Now with that being said and precedents being put into place, I would ask that you, the Honorable Court, consider and grant this request with an act of compassion to reduce Owdish's sentence to time served or for the remainder of his sentence to be served on home confinement, if you so choose.  With this in mind, I respectfully request your approval for this Compassionate Release/Reduction In Sentence during this unprecedented time that we are all facing today, the COVID-19 Pandemic that affects all of us.  The Pandemic affects everyone and the decisions that each of us make during this unprecedented time affects ourselves as well as others.  We all need to remember this and implement this into out everyday life as it is imperative to our health and the health of others.

Respectfully Submitted,

6/3/20

William Owdish
Registration #56714-039
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

## Certificate of Service

I, hereby Certify under penalties of perjury pursuant to 28 U.S.C. §1746 that the Defendant's Emergency Motion for Compassionate Release/ Reduction In Sentence is true and correct with proper U.S. postage affixed for mailing via U.S. Postal Services regular mail to United States District Court, Theodore Levin U.S. Courthouse, Office of the Clerk, 231 W. Lafayette Boulevard, Detroit, MI 48226.  Defendant also certifies that a copy of the foregoing has been mailed to the Assistant United States Attorney on this <u>3</u> day of June, 2020.


Assistant United States Attorney
211 West Fort Street
Suite 2001
Detroit, MI 48226

Respectfully Submitted,

_William Owdish_   6/3/20

William Owdish
Registration #56714-039
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

**PATTERN SCORE**

**EXHIBIT #1**

# MALE PATTERN RISK SCORING

| Register Number: | 56714-039 | Date: | 5/11/2020 | |
|---|---|---|---|---|
| Inmate Name: | OWDISH | | | |

| MALE RISK ITEM SCORING | CATEGORY | GENERAL SCORE | Enter Score | VIOLENT SCORE | Enter Score |
|---|---|---|---|---|---|
| 1. Current Age  51-60  Click on gray dropdown box to select, then click on dropdown arrow | > 60 | 0 | 7 | 0 | 4 |
| | 51-60 | 7 | | 4 | |
| | 41-50 | 14 | | 8 | |
| | 30-40 | 21 | | 12 | |
| | 26-29 | 28 | | 16 | |
| | < 26 | 35 | | 20 | |
| 2. Walsh w/Conviction  No | No | 0 | 0 | 0 | 0 |
| | Yes | 1 | | 0 | |
| 3. Violent Offense (PATTERN)  No | No | 0 | 0 | 0 | 0 |
| | Yes | 5 | | 5 | |
| 4. Criminal History Points  2-3 Points | 0 - 1 Points | 0 | 8 | 0 | 4 |
| | 2 - 3 Points | 8 | | 4 | |
| | 4 - 6 Points | 16 | | 8 | |
| | 7 - 9 Points | 24 | | 12 | |
| | 10 - 12 Points | 32 | | 16 | |
| | > 12 Points | 40 | | 20 | |
| 5. History of Escapes  None | None | 0 | 0 | 0 | 0 |
| | > 10 Years Minor | 2 | | 1 | |
| | 5 - 10 Years Minor | 4 | | 2 | |
| | < 5 Years Minor/Any Serious | 6 | | 3 | |
| 6. History of Violence  None | None | 0 | 0 | 0 | 0 |
| | > 10 Years Minor | 1 | | 1 | |
| | > 15 Years Serious | 2 | | 2 | |
| | 5 - 10 Years Minor | 3 | | 3 | |
| | 10 - 15 Years Serious | 4 | | 4 | |
| | < 5 Years Minor | 5 | | 5 | |
| | 5 - 10 Years Serious | 6 | | 6 | |
| | < 5 Years Serious | 7 | | 7 | |
| 7. Education Score  HS Degree / GED | Not Enrolled | 0 | -4 | 0 | -2 |
| | Enrolled in GED | -2 | | -1 | |
| | HS Degree / GED | -4 | | -2 | |
| 8. Drug Program Status  No DAP Completed | No DAP Completed | 0 | 0 | 0 | 0 |
| | NRDAP Complete | -3 | | -1 | |
| | RDAP Complete | -6 | | -2 | |
| | No Need | -9 | | -3 | |
| 9. All Incident Reports (120 months)  0 | 0 | 0 | 0 | 0 | 0 |
| | 1 | 1 | | 1 | |
| | 2 | 2 | | 2 | |
| | > 2 | 3 | | 3 | |
| 10. Serious Incident Reports (120 months)  0 | 0 | 0 | 0 | 0 | 0 |
| | 1 | 2 | | 2 | |
| | 2 | 4 | | 4 | |
| | > 2 | 6 | | 6 | |
| 11. Time Since Last Incident Report  12+ months or no incidents | 12+ months or no incidents | 0 | 0 | 0 | 0 |
| | 7-12 months | 2 | | 1 | |
| | 3-6 months | 4 | | 2 | |
| | <3 | 6 | | 3 | |
| 12. Time Since Last Serious Incident Report  12+ months or no incidents | 12+ months or no incidents | 0 | 0 | 0 | 0 |
| | 7-12 months | 1 | | 2 | |
| | 3-6 months | 2 | | 4 | |
| | <3 | 3 | | 6 | |
| 13. FRP Refuse  NO | NO | 0 | 0 | 0 | 0 |
| | YES | 1 | | 1 | |
| 14. Programs Completed  0 | 0 | 0 | 0 | 0 | 0 |
| | 1 | -2 | | -1 | |
| | 2 - 3 | -4 | | -2 | |
| | 4 -10 | -6 | | -3 | |
| | > 10 | -8 | | -4 | |
| 15. Work Programs  0 Programs | 0 Programs | 0 | 0 | 0 | 0 |
| | 1 Program | -1 | | -1 | |
| | >1 Program | -2 | | -2 | |
| **Total Score (Sum of Columns)** | | General: | **11** | Violent: | **6** |
| **General/Violent Risk Levels** | | General: | Low | Violent: | Minimum |
| **OVERALL MALE PATTERN RISK LEVEL** | | | Low | | |

## PROGRESS REPORT

### EXHIBIT #2



## Individualized Reentry Plan - Program Review  (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: OWDISH, WILLIAM  56714-039

SEQUENCE: 02202063
Team Date: 03-19-2020

| | | | |
|---|---|---|---|
| Facility: | MRG MORGANTOWN FCI | Proj. Rel. Date: | 01-01-2021 |
| Name: | OWDISH, WILLIAM | Proj. Rel. Mthd: | GCT REL |
| Register No.: | **56714-039** | DNA Status: | MRG05884 / 02-25-2020 |
| Age: | 52 | | |
| Date of Birth: | 01-02-1968 | | |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MRG | FS AM DIN | FS AM DIN | 03-13-2020 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MRG | ESL HAS | ENGLISH PROFICIENT | 03-11-2020 |
| MRG | GED HAS | COMPLETED GED OR HS DIPLOMA | 03-11-2020 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| MRG | C | RPP1 - INFDS AID | 03-10-2020 | 03-10-2020 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| *** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS **** | |

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 03-17-2020 |
| CARE2 | STABLE, CHRONIC CARE | 03-05-2020 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 03-05-2020 |
| YES F/S | CLEARED FOR FOOD SERVICE | 03-05-2020 |

## Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED WAIT HX | DRUG EDUCATION WAIT-RQ HIST | 03-30-2020 |

## FRP Details

| Most Recent Payment Plan |
|---|

**FRP Assignment:** **COMPLT** **FINANC RESP-COMPLETED** **Start: 03-23-2020**

| | | | |
|---|---|---|---|
| Inmate Decision: | **AGREED** | **$25.00** | Frequency: **QUARTERLY** |
| Payments past 6 months: | **$125.00** | Obligation Balance: **$778,887.68** | |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | ($25.00) | IMMEDIATE | COMPLETEDN |

| | Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|---|
| | | 03-23-2020 | MRG | PAYMENT | OUTSIDE | $100.00 |
| | | 03-07-2020 | MRG | PAYMENT | INSIDE PMT | $25.00 |

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 2 | REST CV | $778,912.68 | $778,912.68 | IMMEDIATE | WAIT PLAN |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ****

**Payment Details**

| Trust Fund Deposits - Past 6 months: | $0.00 | Payments commensurate ? | N/A |
|---|---|---|---|
| New Payment Plan: | ** No data ** | | |

---



**Individualized Reentry Plan - Program Review (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: OWDISH, WILLIAM 56714-039

SEQUENCE: 02202063

Team Date: 03-19-2020

## Progress since last review

Inmate arrived on 02-25-2020 as an initial designation.

He is currently assigned to FS AM DIN Work Detail. He has not had a work report submitted.

He has maintained Clear Conduct.

He has completed A&O.

## Next Program Review Goals

Inmate is recommended to complete the following STG's:

1) Save $5 a month for $30 by 6/20.
2) Obtain a SS Card and Birth Certificate for Central File by 6/20.
3) Enroll in an Personal Finance or Financial Management group by 6/20.
4) Submit a release plan to Case Manager by 6/20.

## Long Term Goals

Inmate is recommended to complete the following LTG's:

1) Complete Personal Finance or Financial Management group by 9/20.
2) Complete RPP Classes by 9/20.
3) Maintain/Accrue $300 on account for release purposes.

## RRC/HC Placement

Recommended Placement on date 11-30-2020.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources : RRC placement available in release area.
- Offense : Eligible for RRC replacement.
- Prisoner : Established residence and community ties.
- Court Statement : No statement in J&C regarding RRC placement.
- Sentencing Commission : No pertinent policy in by sentencing commission.

## Comments

Trauma: ___Yes_____ Anger: _____No_____ Antisocial:____No_____ Criminal Cognition: _____Yes_____
Mental Health:_____No_____

Finance/Poverty Need Screen Is there documentation in the PSR of any of the following? __ Any history of Bankruptcy __ No bank account _ No assets nor liabilities noted in PSR _X Debts noted in Credit Report or other sources __ Tax Liabilities/back taxes _ Unpaid alimony/child support __ other indications of lack of financial management skills (specify)_____ YES __X___ NO _____ (if any of the above, check yes) If the answer is yes, the inmate has a financial/poverty skills need.



**Individualized Reentry Plan - Program Review  (Inmate Copy)**

SEQUENCE: 02202063

Dept. of Justice / Federal Bureau of Prisons

Team Date: 03-19-2020

Plan is for inmate: OWDISH, WILLIAM  56714-039

Name: OWDISH, WILLIAM

Register No.: **56714-039**

Age: 52

Date of Birth: 01-02-1968

DNA Status:  MRG05884 / 02-25-2020

_____

Inmate    (OWDISH, WILLIAM. Register No.: 56714-039)


_____

Date


_____        _____

Unit Manager / Chairperson                      Case Manager


_____        _____

Date                                                         Date

_____

**WARDEN DENIAL**

**EXHIBIT #3**

## INMATE REQUEST TO STAFF MEMBER RESPONSE

**NAME:**    **Owdish, William**
**REG. NO.: 56714-039**

This is in response to your Inmate Request to Staff Member, received
on May 18, 2020 in which you request consideration for a reduction
in sentence (RIS)/compassionate release.  Specifically, you be
considered due to Extraordinary or Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows
a sentencing court, on motion of the Director of the BOP, to reduce
a term of imprisonment for extraordinary or compelling reasons.
BOP Program Statement No. 5050.50, Compassionate Release/Reduction
in Sentence: Procedures for Implementation of 18 U.S.C. §§
3582(c)(1)(A) and 4205(g), provides guidance on the types of
circumstances that present extraordinary or compelling reasons, such
as the inmate's terminal medical condition; debilitated medical
condition; status as a "new law" elderly inmate, an elderly inmate
with medical conditions, or an "other elderly inmate"; the death
or incapacitation of the family member caregiver of the inmate's
child; or the incapacitation of the inmate's spouse or registered
partner.  Your request has been evaluated consistent with this
general guidance.

The BOP is taking extraordinary measures to contain the spread of
COVID-19 and treat any affected inmates.  We recognize that you,
like all of us, have legitimate concerns and fears about the spread
and effects of the virus.  However, your concern about being
potentially exposed to, or possibly contracting, COVID-19 does not
currently warrant an early release from your sentence.  Accordingly,
your RIS request is denied at this time.

If you are not satisfied with this response to your request, you
may commence an appeal of this decision via the administrative remedy
process by submitting your concerns on the appropriate form (BP-9)
within 20 days of the receipt of this response.

_____    Date: __6/26/2020__
F.J. Bowers, Warden

cc:  Medical Records
     Unit Team

## COMPASSIONATE RELEASE CASES GRANTED

### EXHIBIT #4

Federal Courts in the United States have issued rulings on Compassionate ground releasing many inmates based on certain medical conditions where the inmates are found to be more susceptible to getting Corona virus. Below are a list of decisions based on certain medical conditions and the court that released the inmate. Please review carefully.

Medical Condition: "Immunocompromised" or taking immunosuppressing medication

Cases where the inmate is released:

United States v. Handy, 3:10-cr-00128-RNC-8, 2020 WL 2487371 (D. Conn. May 14, 2020); United States v. Quintero, 6:08-cr-06007-DGL-1, 2020 WL 2175171 (W.D. N.Y. May 6, 2020); United States v. Peters, 3:18-cr-00188-VAB-1, 2020 WL 2092617 (D. Conn. May 1, 2020); United States v. Brown, 4:05-cr-00227-RP-CFB-1, 2020 WL 2091802 (S.D. Iowa Apr. 29, 2020); United States v. Robinson, 3:18-cr-00597-RS-1, 2020 WL 1982872 (N.D. Cal. Apr. 27, 2020); United States v. Park, 1:16-cr- 00473-RA -1, 2020 WL 1970603 (S.D. N.Y. Apr. 24, 2020); United States v. Edwards, 6:17-CR-00003, 2020 WL 1650406 (W.D. Va. Apr. 2, 2020); United States v. Jepsen, 3:19-CV-00073(VLB); , 2020 WL 1640232 (D. Conn. Apr. 1, 2020); United States v. Campagna, 16 Cr. 78-01 (LGS), 2020 WL 1489829 (S.D. N.Y. Mar. 27, 2020).

Medical Condition: Arthritis:

Cases Where the Inmate was released:
United States v. Ben-Yhwh, CR 15-00830 LEK, 2020 WL 1874125 (D. Haw. Apr. 13, 2020) (granting compassionate release to a defendant with psychiatric conditions, Parkinson's disease, and arthritis, among other conditions).

Medical Condition: Asthma
Cases Where the Imnates were released:

United States v. Hunt, 2:18-cr-20037-DPH-DRG, 2020 WL 2395222 (E.D. Mich. May 12, 2020); United States v. Simpson, 3:11-cr-00832-SI-3, 2020 WL 2323055 (N.D. Cal. May 11, 2020); United States v. Amarrah, 5:17-cr-20464-JEL-EAS-1, 2020 WL 2220008 (E.D. Mich. May 7, 2020); United States v. Echevarria, 3:17-cr-00044-MPS-1, 2020 WL 2113604 (May 4, 2020); United States v. Ardila, 3:03-cr-00264-SRU-1, 2020 WL 2097736 (D. Conn. May 1, 2020); United States v. Brown, 4:05-cr-00227-RP-CFB-1, 2020 WL 2091802 (S..D Iowa Apr. 29, 2020); United States v. Bertrand, 3:00-cr-00012-LC-1, 2020 WL 2179387 (N.D. Fla. Apr. 29, 2020); United States v.. Handy, PJM 04- 0559, 2020 WL 2041666 (D. Md. Apr. 28, 2020); United States v. Harper, 7:18-cr-00025-EKD-JCH-1, 2020 WL 2046381 (W.D. Va. Apr. 28, 2020); United States v. Williams, 3:17-CR-121-(VAB); -1, 2020 WL 1974372 (D. Conn. Apr. 24, 2020); United States v. Gorai, 2:18-cr-00220-JCM-CWH-1, 2020 WL 1975372 (D. Nev. Apr. 24, 2020); United States v. Park, 1:16-cr-00473-RA-1, 2020 WL 1970603 (S.D. N.Y. Apr. 24, 2020); United States v. Tillman, 1:07-cr-00197-PLM-1, 2020 WL 1950835 (W.D. Mich. Apr. 23, 2020); United States v. Suarez, 1:18-cr-20175-MGC-1, Dkt. No. 180 (S.D. Fla. Apr. 20, 2020); United States v. Gileno, 3:19-cr-161-(VAB); -1, 2020 WL 1904666 (D. Conn. Apr. 17, 2020); United States v. Samy, 2:16-cr-20610-AJT-DRG-1, 2020 WL 1888842 (E.D. Mich. Apr. 16, 2020); United States v. Wen, 6:17-CR-06173 EAW, 2020 WL 1845104 (W.D. N.Y. Apr. 13, 2020); United States v. Smith, 1:12-cr-00133-JFK-1, 2020 WL 1849748 (S.D.N.Y. Apr. 13, 2020); United States v. Ben-Yhwh, CR 15-00830 LEK, 2020 WL 1874125 (D. Haw. Apr. 13, 2020); United States v. Tran, 8:08-cr-00197-DOC-1, 2020 WL 1820520 (C.D. Cal. Apr. 10, 2020); United States v. Burrill, 17-CR00491-RS-2, 2e (N.D. Cal. Apr. 10, 2020); United States v. McCarthy, 3:17-cr-00230-JCH-1, 2020 WL 1698732 (D. Conn. Apr. 8, 2020); United States v. Ghorbani, 18-cr-255-PLF (D.D.C. Apr. 3, 2020); United States v. Hernandez, 1:18-cr-00834-PAE-4, 2020 WL 1684062 (S.D. N.Y. Apr.. 2, 2020); United States v. Powell, No. 1:94-cr-316-ESH, 2020 WL 1698194 (D.D.C. Mar. 28, 2020).

Medical Condition: Cancer
Cases were inmates were released:United States v. Saad, 2:16-cr-20197-DPH-MKM-1, 2020 WL 2065476 (E.D. Mich. Apr. 29, 2020); United States v. Bertrand, 3:00-cr-00012-LC-1, 2020 WL 2179387 (N.D. Fla. Apr. 29, 2020); United States v. Lissa Mel, No. CR TDC 18-0571, 2020 WL 2041674, (D. Md. Apr. 28, 2020); United States v. Suarez, 1:18-cr-20175-MGC-1, Dkt. No. 180 (S.D. Fla. Apr. 20, 2020); United States v. Joling, 6:15- cr-00113-AA-1, 2020 WL 1903280 (D. Or. Apr. 17, 2020); United States v. Hammond, 1:02-cr- 00294-BAH-1, 2020 WL 1891980 (D. D.C. Apr. 16, 2020); United States v. Smith, 1:12-cr-00133-JFK- 1, 2020 WL 1849748 (S.D.N.Y. Apr. 13, 2020); United States v. Miller, 2:16-cr-20222-AJT-RSW-1, 2020 WL 1814084 (E.D. Mich. Apr. 9, 2020); United States v. Hansen, 1:07-cr-00520-KAM-2, 2020 WL 1703672 (E.D. N.Y. Apr. 8, 2020); United States v. Winckler, 2:13-cr-00318-CB-1, 2020 WL 1666652 (W.D. Penn. Apr. 3, 2020); United States v. Ghorbani, 18-cr-255-PLF (D.D.C.

Medical Condition: Kidney Disease/Failure
Cases Where the Inmates were released

United States v. Howard, 4:15-cr-00018-BR-2, 2020 WL 2200855 (E.D. N.C. May 6, 2020); United States v. Norris, 7:19-cr-00036-BO-2, 2020 WL 2110640 (E.D. N.C. Apr. 30, 2020); United States v. Saad, 2:16-cr-20197-DPH-MKM-1, 2020 WL 2065476 (E.D. Mich. Apr. 29, 2020); United States v. Bertrand, 3:00-cr-00012-LC-1, 2020 WL 2179387 (N.D. Fla. Apr. 29, 2020); United States v. Musumeci, 1:07-cr-00402-RMB-1, Dkt. No. 58 (S.D. N.Y. Apr. 28, 2020); United States v. Sanchez, 1:95-cr-00421-MGC-1, Dkt. No. 290 (S.D. Fla. Apr. 27, 2020); United States v. Williams, 3:17-CR- 121-(VAB); -1, 2020 WL 1974372 (D. Conn. Apr. 24, 2020); United States v. Jackson, 4:14-CR-00576, 2020 WL 1955402 (S.D. Tex. Apr. 23, 2020)

Medical Condition : Lupus
Cases Where the Inmates were released:

United States v. Handy, PJM 04-0559, 2020 WL 2041666 (D. Md. Apr. 28, 2020); United States v. Sanchez, 18-CR-00140-VLB-11, 2020 WL 1933815 (D. Conn. Apr. 22, 2020)

Medical Condition: Multiple Sceloris:
Cases Where the Inmates were released:

United States v. Gutman, 1:19-cr-00069-RDB-2, 2020 WL 2467435 (D. Md. May 13, 2020); United States v. Curtis, 1:03-cr-00533-BAH-1, 2020 WL 1935543 (D. D.C. Apr. 22, 2020).

Medical Condition : Obesity
Cases Where Inmates were released:

United States v. Handy, 3:10-cr-00128-RNC-8, 2020 WL 2487371 (D. Conn. May 14, 2020); United States v. Barber, 6:18-cr-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020); United States v. Hunt, 2:18-cr-20037-DPH-DRG, 2020 WL 2395222 (E.D. Mich. May 12, 2020); United States v. Ullings, 1:10-cr-00406-MLB-1, 2020 WL 2394096 (N..D. Ga. May 12, 2020); United States v. Foreman, 3:19- cr-00062-VAB-1, 2020 WL 2315908 (D. Conn. May 11, 2020); United States v. Jenkins, 99-cr-00439-JLK-1, 2020 WL 2466911 (D. Co. May 8, 2020); United States v. Quintero, 6:08-cr-06007-DGL-1, 2020 WL 2175171 (W.D. N.Y. May 6, 2020); United States v. Howard, 4:15-cr-00018-BR-2, 2020 WL 2200855 (E.D. N.C. May 6, 2020); United States v. Lacy, 3:15-cr-30038-SEM-TSH-1, 2020 WL 2093363 (C.D. Ill. May 1, 2020); United States v. Ardila, 3:03-cr-00264-SRU-1, 2020 WL 2097736 (D. Conn. May 1, 2020); United States v. Delgado, 3:18-cr-00017-VAB, 2020 WL 2464685 (D. Conn. Apr. 30, 2020); United States v. Dillard, 1:15-cr-170-SAB, Dkt. No. 71 (D. Idaho Apr. 27, 2020); United States v. Joling, 6:15-cr-00113-AA-1, 2020 WL 1903280 (D. Or. Apr. 17, 2020); United States v. Trent, 3:16-cr-00178-CRB-1, 2020 WL 1812242 (N.D. Cal. Apr. 9, 2020); United States v. Zukerman, 1:16-cr-00194-AT-1, 2020 WL 1659880 (S.D. N.Y. Apr. 3, 2020)

Medical Condition: Osteoarthritis:
Cases Where Inmates were released:

United States v. Reddy, 2:13-cr-20358-MFL-LJM-1, 2020 WL 2320093 (E.D. Mich. May 11, 2020); United States v. Vo, 15-CR-00310-BLF-2, 2020 WL 2300101 (N.D. Cal. May 7, 2020); United States v. Bellamy, CV151658JRTLIB, 2019 WL 3340699 (D. Minn. July 25, 2019) (granting compassionate release to a 71-year-old defendant who suffered from diabetic kidney disease, osteoarthritis, and heart problems, among other conditions); United States v. Johns, CR 91-392-TUC-CKJ, 2019 WL 646663 (D. Ariz. June 27, 2019) (granting compassionate release to an 81-year-old defendant diagnosed with osteoarthritis, among other conditions)

Medical Condition : Psoriaris:
Cases where Inmates were released

United States v. Delgado, 3:18-cr-00017-VAB, Dkt. No. 76 (D. Conn. Apr. 30, 2020); United States v. Robinson, No. 18-CR-00597-RS-1, 2020 WL 1982872, at *2 (N.D. Cal. Apr. 27, 2020)
Sickle Cell   United States v. Morgan, 4:92-cr-4013, Dkt. No. 2337 (N.D. Fla. Apr. 27, 2020)

Medical Condition: Sleep Apnea

Cases where Inmates were Released

United States v. Hunt, 2:18-cr-20037-DPH-DRG, 2020 WL 2395222 (E.D. Mich. May 12, 2020); United States v. Amarrah, 5:17-cr-20464-JEL-EAS-1, 2020 WL 2220008 (E.D. Mich. May 7, 2020); United States v. Rivera, 1:86-cr-01124-JFK-4, 2020 WL 2094094 (S.D. N.Y. May 1, 2020); United States v. Delgado, 3:18-cr-00017-VAB, 2020 WL 2464685 (D. Conn. Apr. 30, 2020); United States v. Saad, 2:16-cr-20197-DPH-MKM-1, 2020 WL 2065476 (E.D. Mich. Apr. 29, 2020); United States v. Brown, 4:05-cr-00227-RP-CFB-1, 2020 WL 2091802 (S.D. Iowa Apr. 29, 2020); United States v. Harper, 7:18-cr-00025-EKD-JCH-1, 2020 WL 2046381 (W.D. Va. Apr.. 28, 2020); United States v. Scparta, 1:18-cr-00578-AJN-1, 2020 WL 1910481 (S.D.N.Y. Apr. 20, 2020); United States v. Gross, 1:15-cr-00769-AJN-3, 2020 WL 1673244 (S.D. N.Y. Apr. 6, 2020); United States v. Powell, No. 1:94- cr-316-ESH, 2020 WL 1698194 (D.D.C. Mar. 28, 2020).

Let us know if you have any questions. These cases are important compassionate release cases. If you suffer from any of the medical condition listed you are entitled to release under compassionate ground.

Yolanda

Apr. 3, 2020); United States v. Reyes, 1:04-cr-00970-4, 2020 WL 1663129 (N.D. Ill. Apr. 3, 2020); United States v. Edwards, 6:17-CR-00003, 2020 WL 1650406 (W.D. Va. Apr. 2, 2020); United States v. Hernandez, 18-cr-20474-CMA, Dkt. No. 41 (S.D. Fla. Apr. 2, 2020).

Medical Condition: COPD

Cases where Inmates were Released:United States v. Howard, 4:15-cr-00018-BR-2, 2020 WL 2200855 (E..D. N.C. May 6, 2020); United States v. Harper, 7:18-cr-00025-EKD-JCH-1, 2020 WL 2046381 (W.D. Va. Apr. 28, 2020); United States v.. Dillard, 1:15-cr-170-SAB, Dkt. No. 71 (D. Idaho Apr. 27, 2020); United States v. Coker, 3:14-CR-00085-RLJ-DCP-20, 2020 WL 1877800 (E.D. Tenn. Apr. 15, 2020); United States v. Miller, 2:16-cr-20222-AJT-RSW-1, 2020 WL 1814084 (E.D. Mich. Apr. 9, 2020); United States v. McCarthy, 3:17-cr-00230-JCH-1, 2020 WL 1698732 (D. Conn.. Apr. 8, 2020); United States v. Gonzalez, 2:18-cr- 00232-TOR-15, 2020 WL 1536155 (E.D. Wash. Mar. 31, 2020).

Medical Condition: COVID-19

Cases Where inmates were released:

United States v. Barber, 6:18-cr-00446-AA, Dkt. No. 55 (D. Or. May 12, 2020); United States v. Huntley, 1:13-cr-0119-ABJ-1, Dkt. No. 263 (D. D.C. May 5, 2020); United States v. Fischman, 4:16- cr-00246-HSG-1, 2020 WL 2097615 (N.D. Cal. May 1, 2020); United States v. Johnson, 1:17-cr- 00482-JSR-1, Dkt. No. 116 (S.D. N.Y. May 1, 2020) (Rakoff, J.).

Medical Condition: Diabetes

Cases where Inmates were released:

United States v. Mattingly, 6:15-cr-00005-NKM-JCH, 2020 WL 2499707 (W.D. Va. May 14, 2020); United States v. Lopez, 1:18-cr-02846-MV-1, 2020 WL 2489746 (D. N.M. May 14, 2020); United States v. Barber, 6:18-cr-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020); United States vRivernider, 3:10-cr-00222-RNC, 2020 WL 2393959 (D. Conn. May 12, 2020); United States v. Hunt, 2:18-cr-20037-DPH-DRG, 2020 WL 2395222 (E.D. Mich. May 12, 2020); United States v. Ramirez, 1:17-cr-10328-WGY, 2020 WL 2402858 (D. Mass. May 12, 2020); United States v. Al-Jumail, 2:12- cr-20272-DPH-LJM-3, 2020 WL 2395224 (E.D. Mich. May 12, 2020); United States v. Simpson, 3:11- cr-00832-SI-3, 2020 WL 2323055 (N.D. Cal. May 11, 2020); United States v. Reddy, 2:13-cr-20358- MFL-LJM-1, 2020 WL 2320093 (E.D. Mich. May 11, 2020); United States v. Connell, 18-cr-00281-RS- 1, 2020 WL 2315858 (N.D. Cal. May 8, 2020); United States v. Amarrah, 5:17-cr-20464-JEL-EAS-1, 2020 WL 2220008 (E.D. Mich. May 7, 2020); United States v. Quintero, 6:08-cr-06007-DGL-1, 2020 WL 2175171 (W.D. N.Y. May 6, 2020); United States v. Howard, 4:15-cr-00018-BR-2, 2020 WL 2200855 (E.D. N.C. May 6, 2020); United States v. Pabon, 2:17-cr-00165-AB-1, 2020 WL 2112265 (E.D. Penn. May 4, 2020); United States v. Lacy, 3:15-cr-30038-SEM-TSH-1, 2020 WL 2093363 (C.D. Ill. May 1, 2020); United States v. Ardila, 3:03-cr-00264-SRU-1, 2020 WL 2097736 (D. Conn. May 1, 2020); United States v. Rivera, 1:86-cr-01124-JFK-4, 2020 WL 2094094 (S.D. N.Y. May 1, 2020); United States v. Pinkerton, 15-CR-30045-3, 2020 WL 2083968 (C.D. Ill. Apr. 30, 2020); United States v. Saad, 2:16-cr-20197-DPH-MKM-1, 2020 WL 2065476 (E.D. Mich. Apr.. 29, 2020); United States v. Lucas, 1:15-cr-00143-LJV-HKS-13, 2020 WL 2059735 (W.D.N.Y. Apr. 29, 2020); United States v. Bertrand, 3:00-cr-00012-LC-1, 2020 WL 2179387 (N.D. Fla. Apr. 29, 2020); United States v. Musumeci, 1:07-cr -00402-RMB-1, Dkt. No. 58 (S.D. N.Y. Apr. 28, 2020); United States v. Sanchez, 1:95-cr-00421-MGC-1, Dkt. No. 290 (S.D. Fla. Apr. 27, 2020); United States v. Dillard, 1:15-cr-170- SAB, Dkt. No. 71 (D. Idaho Apr. 27, 2020); United States v. Coles, 2:00-cr-20051-SEM-TSH-1, 2020 WL 1976296 (C.D. Ill. Apr. 24, 2020); United States v. Tillman, 1:07-cr-00197-PLM-1, 2020 WL 1950835 (W.D. Mich. Apr. 23, 2020); United States v. Logan, 1:12-cr-00307-LEK-1, Dkt. No. 179 (N.D. N.Y. Apr. 22, 2020); United States v. Bess, 16-CR-156, 2020 WL 1940809 (W.D.N.Y. Apr. 22, 2020); United States v. Suarez, 1:18-cr-20175-MGC-1, Dkt. No. 180 (S.D. Fla. Apr. 20, 2020); United States v. Samy, 2:16-cr-20610-AJT-DRG-1, 2020 WL 1888842 (E.D. Mich. Apr. 16, 2020); United States v. Ben-Yhwh, CR 15-00830 LEK, 2020 WL 1874125 (D. Haw.. Apr. 13, 2020); United States v. Burrill, 17-CR-00491-RS-2, 2020 WL 1846788 (N.D. Cal. Apr. 10, 2020); United States v. Trent, 3:16- cr-00178-CRB-1, 2020 WL 1812242 (N.D. Cal. Apr. 9, 2020); United States v. Hansen, 1:07-cr- 00520-KAM-2, 2020 WL 1703672 (E.D.. N.Y. Apr. 8, 2020); United States v. Winckler, 2:13-cr-00318- CB-1, 2020 WL 1666652 (W.D. Penn. Apr. 3, 2020); United States v. Zukerman, 1:16-cr-00194-AT-1, 2020 WL 1659880 (S.D. N.Y. Apr. 3, 2020); United States v. Resnick, 1:12-cr-00152-CM-3, 2020 WL 1651508 (S.D.N.Y. Apr. 2, 2020); United States v. Colvin, 3:19-cr-00179-JBA-1, 2020 WL 1613943 (D. Conn. Apr. 2, 2020); United States v. Rodriguez, 2:03-cr-00271-AB-1, 2020 WL 1627331 (E.D.Penn. Apr. 1, 2020); United States v. Muniz, 4:09-cr-00199-1, 2020 WL 1540325 (S.D. Tex. Mar. 31, 2020); United States v. Harpine, 6:91-cr-60156-MC-1, Dkt. No. 221 (D. Or. Mar. 27, 2020).

Medical Condition: Hepatitis C

Cases Where Inmates were released:

United States v. Etzel, 6:17-CR-00001-AA, 2020 WL 2096423 (D. Or. May 1, 2020); United States v. Hammond, 1:02-cr-00294-BAH-1, 2020 WL 1891980, at *8 (D. D.C. Apr. 16, 2020) (granting compassionate release to a defendant with the "serious medical condition," Hepatitis C); United States v. Miller, 2:16-cr-20222-AJT-RSW-1, 2020 WL 1814084 (E.D. Mich. Apr. 9, 2020) (granting compassionate release to a defendant with Hepatitis C, among other medical conditions); United States v. McGraw, 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *1 2 (S.D. Ind. May 9, 2019) (granting compassionate release to 72 year-old

inmate with limited mobility, diabetes, kidney disease, Hepatitis C, and other issues); United States v. Wages, 271 F. App'x 784, 788 (10th Cir. Sept. 26, 2019) (granting compassionate release to a defendant with "chronic debilitating medical conditions" including type II diabetes, hypertension, hyperlipidemia, chronic constipation, and Hepatitis C).

Medical Conditions:  Hypertension/High Blood Pressure
Cases Where Inmates were released:
United States v. Handy, 3:10-cr-00128-RNC-8, 2020 WL 2487371 (D. Conn. May 14, 2020); United States v. Mattingly, 6:15-cr-00005-NKM-JCH, 2020 WL 2499707 (W.D. Va. May 14, 2020); United States v. Lopez, 1:18-cr-02846-MV-1, 2020 WL 2489746 (D.. N.M. May 14, 2020); United States v. Gutman, 1:19-cr-00069-RDB-2, 2020 WL 2467435 (D. Md. May 13, 2020); United States v. Sedge, 1:16-cr-00537-KAM, 2020 WL 2475071 (E.D. N.Y. May 13, 2020); United States v. Barber, 6:18-cr- 00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020); United States v. Rivernider, 3:10-cr-00222- RNC, 2020 WL 2393959 (D. Conn. May 12, 2020); United States v. Ramirez, 1:17-cr-10328-WGY, 2020 WL 2402858 (D. Mass. May 12, 2020); United States v. Ullings, 1:10-cr-00406-MLB-1, 2020 WL 2394096 (N.D. Ga. May 12, 2020); United States v. Valencia, 1:15-cr-00163-AT-1, 2020 WL 2319323 (S.D. N.Y. May 11, 2020); United States v. Foreman, 3:19-cr-00062-VAB-1, 2020 WL 2315908 (D. Conn. May 11, 2020); United States v. Reddy, 2:13-cr-20358-MFL-LJM-1, 2020 WL 2320093 (E.D. Mich. May 11, 2020); United States v. Pena, 1:15-cr-00551-AJN-1, 2020 WL 2301199 (S.D. N.Y. May 8, 2020); United States v. Connell, 18-cr-00281-RS-1, 2020 WL 2315858 (N.D. Cal. May 8, 2020); United States v. Vo, 15-CR-00310-BLF-2, 2020 WL 2300101 (N.D. Cal. May 7, 2020); United States v. Quintero, 6:08-cr-06007-DGL-1, 2020 WL 2175171 (W.D. N.Y. May 6, 2020); United States v. Reid, 3:17-cr-001750-CRB-2, 2020 WL 2128855 (N.D. Cal. May 5, 2020); United States v. Pabon, 2:17-cr-00165-AB-1, 2020 WL 2112265 (E.D. Penn. May 4, 2020); United States v. Guzman Soto, 1:18-cr-10086-IT-1, 2020 WL 2104787 (D. Mass. May 1, 2020); United States v. Etzel, 6:17-00001-AA, 2020 WL 2096423 (D. Or. May 1, 2020); United States v. Lacy, 3:15-cr-30038-SEM-TSH- 1, 2020 WL 2093363 (C.D. Ill. May 1, 2020); United

6-4-20

United States District Court
Theodore Levin U.S. Courthouse
Eastern District of Michigan
231 W. Lafayette Boulevard
Detroit, MI 48226

7014 0510 0000 0586 8319

**CERTIFIED MAIL**

7014 0510 0000 0586 8319

William Owdish
Reg. #56714-039
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

U.S. MARSHAL

Attn: Clerk of the Court

RECEIVED
JUN 17 2020
CLERK'S OFFICE
U.S. DISTRICT COURT